## DIAMOND IRON WORKS, Inc., v. WISCONSIN FOUNDRY & MACHINE CO.
### No. 7577.

Circuit Court of Appeals, Seventh Circuit.
June 21, 1941.

Frank A. Whiteley, of Minneapolis, Minn., for appellant.

C. H. Crownhart and Robert B. Murphy, both of Madison, Wis., and Edward A. Haight, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Plaintiff, appellant, charged appellee with infringement of United States patent No. 2,117,300. It was issued May 17, 1938, to plaintiff, assignee, on an application filed December 13, 1935 by Corser. The patent contains six claims and all are relied upon. The usual defenses were pleaded. The court found the facts specially, and concluded that the claims were invalid, and not infringed by the defendant. A decree was entered accordingly and the complaint was dismissed. From that decree this appeal is prosecuted.

The patent covers a portable rock crushing plant, which is a machine mounted on wheels, designed to be transported over highways and branch roads to the pit or quarry where road-making materials are found. There the plant is set up and the material is delivered to it. The rock pieces, being suitably crushed or broken thereby, go with other material through suitable screens from which the finished product is delivered for transportation and use. Claim 1 is typical.[1]

The District Court found in substance the following facts: The essential features of the patent as disclosed by the claims consist of a rotary lifting device which is an open-centered, inclined, saucer-like, single unitary structure, formed with a unitary material-supporting bottom. The main endless conveyor, or receiving means, passes through the open center of the lifting device. The lifting device, or saucer, receives at its low point the crushed material, and transfers it at its high point upon the top of the main conveyor by gravity only. For this purpose the lifting device is rotatable and has means provided to rotate it. There is also a crushings conveyor which takes the crushed material to the rotary conveyor, or saucer-like lifting device. This, at its lower end, underlies the crushers, and at its upper end overlies the saucer at its lowest point, hence the crushings conveyor is under, and in the vertical plane of the main top, or plant, conveyor. As a result of these features, the operating parts are all in a line along the center of the machine, and substantially within the limits of the bed frame. This arrangement effects delivery of the crushings to the top conveyor in a uniform continuous feed, uniformly across the width of the top conveyor, whereby it goes to the screens with a uniform even feed across the width of the screens. The saucer-like conveyor of the patent embodies an annular continuous material-receiving bottom, and a flange wall substantially at right angles thereto, all in a single unitary rotating member.

The accused devices are illustrated by what are referred to in this record as exhibits 32 and 4. The former was manufactured and sold by the defendant prior to January, 1933. The latter is still being manufactured and sold. We shall refer to them by the respective numbers of the exhibits.

Number 32 includes screening devices, crushing mechanisms and receiving and delivery means as defined in each of the claims of the patent. The only difference between number 32 and the patent is that the accused device utilizes a pivoted bucket elevating conveyor to return the material which has been crushed to the main plant conveyor which in turn delivers it to the screens, while the claims of the patent disclose an inclined, saucer-like elevating conveyor to return the crushed material to the main plant conveyor.

Corser improved the elevating conveyor used in number 32 by placing his improved elevator in the old combination of number 32 in place of the bucket elevator. All the other elements were left undisturbed, with each element performing the same task it had theretofore performed. The im-

---

[1] Claim 1. "In a rock crushing machine, the combination of a screening device to which the material to be treated is delivered and through which the portions of the material which are sufficiently fine pass, crushing mechanism which receives the portions of material too coarse to pass through said screening device, means for delivering said portions that do not pass the screening device to said crushing mechanism, an inclined open center saucer-like conveyor for receiving the crushed material, receiving means passing through said saucer-like conveyor for delivering to said screening device, means for delivering the crushed material from said crushing mechanism to said saucer-like conveyor and means for rotating said saucer-like conveyor whereby the material carried upwardly thereby is delivered to said receiving means through said open center."

proved elevator was lighter, narrower, and had fewer moving parts.

The screens, crushing mechanism, and endless conveyors in number 32 operate in the identical manner that the corresponding elements in each of the claims would operate. The inclined open-center, saucer-like conveyor, while in operation, cooperates with other conveyors of the rock crushing machine so as to elevate crushed material from the crushers to the screens through gradual ascents. Its conveyor that transfers the crushed material from the crushers to the rotary saucer-like conveyor extends directly under the main conveyor, and transfers the crushed material to the lower part of the saucer-like conveyor which transfers it onto and across the width of the main conveyor in a substantially uniform stream, from which it is discharged across the width of the screen.

The arrangement of the elements of the patent puts them in a line along the center of the machine within the limits of the bed frame, substantially reducing the length, height and width, and distributes the weight thereof upon the wheels uniformly, which increases the ease of portability and quick set-up, eliminating the necessity of dismantling a part of the machine when the equipment is moved from place to place.

There is no difference in function between the pivoted bucket elevating conveyor and the inclined saucer-like conveyor in each of the claims, each of the elevating arrangements serving only to elevate the crushed material to the main plant conveyor.

Bucket, vertical drum, and inclined saucer-like conveyors are shown in the prior art. The inclined saucer-like conveyor and the vertical drum conveyor are advantageous in that they are narrower and have fewer moving parts than the pivoted bucket conveyor. The latter and its accessories are slightly heavier than the former, but the weights are so nearly the same that no material difference exists. The pivoted bucket conveyor delivered material to the main plant conveyor in regular even strips, which were contiguous, so as to amount to perfectly even flow when the plant was operating at full capacity. At no time in the operation of number 32 was there any disadvantageous piling of material upon the main plant conveyor, or in overloading the screens or crushers resulting from the bucket elevator or any disadvantageous segregation of material resulting from it. Plaintiff's allegation that the inclined saucer-like conveyor of the patent, and the vertical drum conveyor, used in number 4, delivered material to the screens and crushers more evenly than the pivoted buckets, was not mentioned in the specifications of the patent nor in the file wrapper, nor in plaintiff's advertising.

The patent specification and drawings disclose a feeding hopper provided with a reciprocating gate to open and close the bottom of the hopper and thereby intermittently feed the material from the pit. The incline of the main plant conveyor and the vibrations of the entire plant tend to even out the material being conveyed to the screen by the main plant conveyor and obliterate any piles of material which might be placed thereon. A baffle or discharge head, which reverses the flow of the material from the main plant conveyor to the screen, tends to check any variation in quantity of material, and provides an even flow to the screen.

The improvements in the running gear of such plants being made and sold at the present time give greater portability than existed in devices made and sold in about 1927. In the vibrating screens used at the present time in such plants, the vibrations of the screen are at right angles to the inclined plane of the screen. At each vibration of the screen each piece of material on the screen is kicked upward and forward. The material is thus carried down the slope of the screen, the smaller pieces passing through the openings, and the larger pieces being carried off the edge of the screen and delivered to the crushers. No appreciable or disadvantageous segregation of material resulted from the use of a pivoted bucket elevator, as in number 32. The feed of the vertical drum in number 4, and of the pivoted buckets in number 32 are substantially identical so far as even flow is concerned, and neither embodies an inclined saucer-like conveyor.

Each claim of the patent is expressly limited to include an inclined saucer-like conveyor. The increased capacity of plaintiff's commercial plant embodying the patent, over rock crushing plants in use in 1927, is not due alone to the use of an inclined saucer-like conveyor, but it is due to the use of improvements of the industry generally in crushing rolls, an improved screen, and a reject sand conveyor. The capacity of a Corser plant is not greater

than the capacity of a prior art plant having comparable screens and crushing units. Every element of every claim of the patent was shown in the prior art and operated in the prior art in the same way that it operates in the patent.

When the Corser patent application was pending before the Patent Office, Corser applied for a claim which included substantially the elements of the allowed claims, except that the elevating conveyor was not limited to the inclined saucer-like form. This claim was rejected by the Patent Office and cancelled by Corser.

The District Court found as a fact that the substitution of an inclined saucer-like conveyor for the pivoted bucket conveyor did not constitute invention. The District Court concluded that the disclosure of the patent was a mere improvement of one part of an old combination with other old parts which perform no new function in the combination; that in view of the fact that the prior art showed the identical combination claimed by Corser, except for the form of the elevating conveyor claimed by Corser, the words "inclined" and "saucer-like" in each of the claims must be limited to the precise form of mechanism designated therein; that appellant could not successfully maintain that the patent should be construed as if it still contained a claim which was rejected on the prior art and afterwards withdrawn; that each of the claims was invalid for lack of invention and because they were drawn to cover an exhausted combination; and that the defendant had not infringed any of the claims.

■ Each structure under the patent, as well as the accused devices, is referred to by counsel as a plant, and the District Court with counsel for both parties inspected them in operation. The court also heard and saw many witnesses. We have no authority to alter its factual findings if they are supported by substantial evidence, and are not otherwise clearly erroneous. Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We think the court's findings of ultimate facts are supported by substantial evidence, and we can not say that they are clearly erroneous.

■ We approve the trial court's conclusions of law as being fully supported by the findings. Furthermore, we have devoted considerable time to the study of the patent and the accused structures, and we agree with the findings and conclusions.

Much was observed by the trial court of which we could not avail ourselves, and we accept and rely upon its findings in these respects. We think the claims are invalid, for the reasons assigned by the District Court, and we are convinced there was no infringement because of the limitation upon the patent to an inclined saucer-like elevating conveyor.

Decree affirmed.